1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT LAUCELLA,

11               Petitioner,                    No. CIV S-09-2123 KJM CHS

12        vs.

13   D.K. SISTO,

14               Respondents.        FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner Robert Laucella proceeds pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. §2254.  Petitioner challenges the state prison's adjudication of a

18   2008 prison disciplinary rule violation as a violation of his right to due process.

19          On January 21, 2011, an order reassigning this case to the undersigned for further

20   proceedings was returned as undeliverable.  On February 17, 2011, another of the court's

21   reassignment orders was returned as undeliverable.  Pursuant to Local Rule 182(f), service of the

22   above orders to petitioner's address of record is considered fully effective.  It appears that

23   petitioner has failed to comply with Local Rule 182(f) and Local Rule 183(b), under both of

24   which he has a continuing obligation to inform the court of any change of address.  Local Rule

25   183(b) specifically provides for dismissal of an action without prejudice for failure to prosecute

26   if mail directed to a prosecuting party in propria persona is returned by the U.S. Postal Service,

                                             1

and the party fails to notify the court and opposing parties within 63 days thereafter of a current address.

In addition, this court has the authority to dismiss an action for noncompliance with any Local Rules or any order of the court.  Local Rule 110, effective February 8, 2011; *see also Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) ("District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

In exercising discretion to dismiss a case as a sanction, a district court should consider: (1) the public's interest in expeditious resolution of cases; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives.  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Here, consideration of these factors weighs in favor of dismissing the petition for his failure to prosecute.  It appears that there is no less drastic sanction available.  *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.")

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed for petitioner's failure to prosecute and failure to keep the court apprised of his current address.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file

1 | objections within the specified time may waive the right to appeal the District Court's order.

2 | *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

3 | 1991).

4 | DATED: June 16, 2011

_Charlene H. Sorrentino_
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE

3